NO. 07-08-0010-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2008

_____

MAURICE LESLIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 52ND DISTRICT COURT OF CORYELL COUNTY;

NO. 18160; HONORABLE PHILLIP ZEIGLER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Maurice Leslie, acting pro se, appeals his conviction and sentence. A copy of a notice of appeal was filed with this Court on December 13, 2007. The clerk's record was filed on January 22, 2008. Included in the clerk's record is the trial court's certification of defendant's right of appeal, however, this certification is not signed by appellant. No reporter's record has been filed. We have received a request from appellant for appointment of counsel to represent him on appeal. We abate this appeal and remand the cause to the trial court to conduct a hearing and determine whether appellant is

indigent and entitled to appointment of counsel.  In addition, we direct the trial court to amend its certification of defendant's right of appeal.

If, after hearing, the trial court should determine that appellant is indigent and still desires to pursue this appeal, then the trial court shall take such measures as may be necessary to assure appellant effective assistance of counsel, including appointment of counsel.  If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel.  A copy of any order appointing counsel shall be immediately forwarded to the Clerk of this Court. Additionally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings, conclusions, and any orders entered to be included in a supplemental clerk's record to be filed in this Court no later than Monday, March 3, 2008.  A transcript of this hearing shall be prepared and filed in this Court as a supplemental reporter's record no later than Monday, March 3, 2008.

Further, the trial court's certification of defendant's right of appeal, included in the clerk's record, is not signed by appellant.  As such, this certification does not comply with Texas Rule of Appellate Procedure 25.2(d), which has been amended, effective September 1, 2007, to require that the certification be signed by appellant and that a copy be served on him.  Thus, on remand, the trial court shall utilize whatever means it finds necessary to obtain appellant's signature on an amended trial court's certification and that such amended certification be served on appellant.  The amended certification, any other orders, and a transcript of any hearings held on this matter shall be made part of the

2

supplemental clerk's record and the supplemental reporter's record ordered above and shall be filed with the Clerk of this Court by March 3, 2008.

Per Curiam

Do not publish.

3